```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- x
                                                               :
APPLICATION OF UTICA MUTUAL INSURANCE                          :
COMPANY                                                        :   ORDER TO SHOW CAUSE
                                                               :
                        Petitioner,                            :
                                                               :   10 Civ. 2669 (AKH)
For an Order Pursuant to C.P.L.R. § 7503(b) Staying            :
Arbitration of a Certain Controversy and                       :
Disqualifying Chadbourne & Parke LLP from                      :
Representing INA Reinsurance Company n/k/a R&Q                 :
Reinsurance Company in the Arbitration                         :
                                                               :
        -against-                                              :
                                                               :
                                                               :
CHADBOURNE & PARKE LLP, and INA                                :
REINSURANCE COMPANY, N/K/A R&Q                                 :
REINSURANCE COMPANY,                                           :
                                                               :
                        Respondents.                           :
                                                               :
-------------------------------------------------------------- x
```



ALVIN K. HELLERSTEIN, U.S.D.J.:

      The Parties shall show cause, by noon of July 29, 2010, why:

1. The caption should not be realigned to reflect that petitioner, Utica Mutual Insurance Company, is suing INA Reinsurance Company, n/k/a R&Q Reinsurance Company, as respondent, and to drop Chadbourne & Park LLP from the caption.

      The motion to disqualify Chadbourne & Park LLP will then become a motion within that action. Retention of Chadbourne & Park LLP as a party respondent will destroy diversity jurisdiction and, if no other basis

of federal jurisdiction is shown, require remand to the New York Supreme Court.

2. The filings in this case should not be unsealed, and the order for sealing not be vacated. See United States v. Amodeo, 71 F.3d 1044, 1049 (2d Cir. 1995) ("An adjudication is a formal act of government, the basis of which should, absent exceptional circumstances, be subject to public scrutiny." (internal quotation marks omitted)); In re Orion Pictures Corp., 21 F.3d 24, 26 (2d Cir. 1994) ("[C]ourts have recognized a strong presumption of public access to court records . . . rooted in the public's first amendment right to know about the administration of justice, safeguard[ing] the integrity, quality, and respect in our judicial system . . . [,] and permit[ting] the public to keep a watchful eye on the workings of public agencies." (internal quotation marks and citations omitted)).

3. Petitioner Utica Mutual Insurance Company shall submit to the Court unredacted copies of each and all the documents relied on in its papers in support of disqualification of Chadbourne & Park LLP. An identical set shall be served upon defendant, at or prior to the submission to the court. The court, following its review, will file the unredacted copies submitted to it under seal.

SO ORDERED.

Dated:   July 22, 2010
         New York, New York

ALVIN K. HELLERSTEIN
United States District Judge

2