# HUNTON & WILLIAMS

HUNTON & WILLIAMS LLP
1751 PINNACLE DRIVE
SUITE 1700
MCLEAN, VIRGINIA 22102

TEL     703 • 714 • 7400
FAX    703 • 918 • 4020

WALTER J. ANDREWS
DIRECT DIAL: 703-714-7642
EMAIL: wandrews@hunton.com

September 3, 2010

**By Hand**

The Honorable Alvin K. Hellerstein
United States District Court Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

RE:   *Utica Mutual Insurance Company v. R&Q Reinsurance Company,*
      Case No.: 10 cv 2669 (AKH) (FM)

Dear Judge Hellerstein:

     We represent Petitioner, Utica Mutual Insurance Company, in the above matter. After conferring with William Perry and John Finnegan, counsel for R&Q Reinsurance Company, and pursuant to the Court's August 20, 2010, Order, we submit this application for redaction of particular items submitted with Utica Mutual's Motion to Disqualify. Messrs. Perry and Finnegan have reviewed this letter in draft following which they advised us that R&Q Re has no objection to maintaining under seal any of the materials identified by Utica Mutual.

## I.   BACKGROUND

     This is an ancillary proceeding arising out of a confidential arbitration between Utica Mutual and R&Q Reinsurance Company. Utica Mutual commenced the proceeding in the Supreme Court of the State of New York, County of New York. The Supreme Court entered an Order restricting "access to the entire file [for the proceeding] to the parties, their respective counsel and authorized court personnel." When R&Q removed the proceeding to this Court, it sought - and obtained - an Order sealing the filings. See March 25, 2010, Order. The Court subsequently unsealed the record in this case but stayed the unsealing until the Court issued a ruling on the parties' joint application for redaction of particular items. August 20, 2010, Order [Document 14].

*[Handwritten annotation:] The in camera submissions may remain under seal; otherwise, the interest of the public outweighs the interest in privacy, and the motion [illegible] 9/7/10*

*[Signature: Alvin K. Hellerstein]*

ATLANTA  AUSTIN  BANGKOK  BEIJING  BRUSSELS  CHARLOTTE  DALLAS  HOUSTON  LONDON  LOS ANGELES
McLEAN  MIAMI  NEW YORK  NORFOLK  RALEIGH  RICHMOND  SAN FRANCISCO  WASHINGTON
www.hunton.com



Judge Alvin K. Hellerstein
September 3, 2010
Page 2

## II.   PROPOSED REDACTIONS

Utica Mutual had an expectation of confidentiality with respect to the underlying arbitration and the record in the ancillary disqualification proceeding. Based on that expectation, Utica Mutual submitted certain confidential and privileged documents with its Motion to Disqualify. Now that the record has been unsealed, and pursuant to the Court's August 20, 2010, Order, Utica Mutual believes that, at a minimum, certain specific information provided with the Motion to Disqualify should be redacted.

There is a significant need for the redactions proposed by Utica Mutual because Utica Mutual is currently involved in disputes with Goulds Pumps' other insurers and Utica Mutual's own reinsurers. Those disputes, including the ongoing litigation with Gould Pumps' other insurers, involves many of the same issues and information contained in the disqualification motion papers. The redacted material also includes internal confidential work product from Utica Mutual's in-house attorneys about the other litigation and disputes, and that material should not - and would not be - disclosed in the context of those matters. If any of the redacted information were to become publicly available, Utica Mutual would be prejudiced because, among other reasons, the other insurers or reinsurers would have access to privileged and confidential information that they are not entitled to otherwise.

As a result of the above, Utica Mutual respectfully requests that, at a minimum, the information it proposes redacting remain under seal. Utica Mutual should not be harmed because it sought relief relating to its concerns about Chadbourne & Parke's conflict of interest.

The redacted information can be divided into three groups and is described below.

### A.   Privileged Information

The motion papers contain, or refer to, information protected by the attorney client privilege, work product, or both. Some of the information is privileged as to R&Q and others because it relates to advice or issues concerning reinsurance recoveries. Other privileged information has been provided to R&Q because it deals with the underlying coverage dispute with Goulds Pumps. Given R&Q's role as Utica Mutual's reinsurer, R&Q is entitled to that privileged or confidential information relating to the underlying dispute. However, that information remains privileged as to other parties, including Goulds Pumps' other insurers that are involved in litigation with Utica Mutual pending in California. Unlike R&Q, those insurers' interests with respect to the underlying coverage dispute are not aligned with Utica Mutual's interest. Therefore, the other insurers are not entitled to any of the privileged or confidential information.



Judge Alvin K. Hellerstein
September 3, 2010
Page 3

Utica Mutual has not, and is not, waiving any privilege. Therefore, all of the privileged information should remain redacted and under seal so it is not disclosed publicly. Portions of the documents that contain privileged information are enclosed along with the first page of the relevant document, and the privileged information has been redacted.

### B. Confidential, Sensitive Information

The Motion to Disqualify papers refer to confidential, sensitive information from the underlying arbitration. The arbitration-related information is confidential based on the agreement between Utica Mutual and R&Q and an Order from the Arbitration Panel. Moreover, the arbitration deals with issues that were a part of Utica Mutual's dispute with Goulds Pumps and are still being litigated between Utica Mutual and Goulds Pumps' other insurers in the California lawsuit. Therefore, the arbitration-related information should remain under seal. If the information is made available publicly, Utica Mutual would be prejudiced because Goulds Pumps' other insurers would have access to information that would not be produced otherwise, including some of the very information that the California court has ordered should not be produced by Utica Mutual.

However, based on the Court's guidance, including at the hearing on August 18, Utica Mutual is willing to agree that certain arbitration-related information should not be redacted. Relevant portions of the documents referencing arbitration-related information are enclosed along with the first page of the relevant document, and the information that Utica Mutual believes should remain under seal has been redacted.

### C. *In Camera* Submission

Pursuant to the Court's July 30, 2010, Order [Document 13], Utica Mutual provided for *in camera* review certain confidential information to which Samantha Miller was exposed. The *in camera* submission included un-redacted versions of Utica Mutual's exhibits that had been provided with its disqualification motions. The redactions for those documents have been addressed above - either because they contain privileged information or confidential, sensitive information.

The *in camera* submission also included additional confidential material to which Ms. Miller was exposed. See Tabs 1 through 13. This information should remain under seal in its entirety. The disclosure of the information would prejudice Utica Mutual because R&Q would gain access to the very confidential information that Utica Mutual is attempting to protect. *Decora Inc. v. DW Wallcovering, Inc.*, 899 F. Supp. 132, 138 (S.D.N.Y. 1995) (the "former client should not have to disclose such confidences to an adversary as the price of obtaining disqualification"); *Chinatown Apartments, Inc. v. N.Y. City Transit Auth.*, 100 Misc. 2d 495, 497,



Judge Alvin K. Hellerstein
September 3, 2010
Page 4

421 N.Y.S.2d 958, 960 (N.Y. Sup. Ct. 1978) (providing confidential information is unnecessary because, otherwise, client's response "to an attorney's claim of non-access would necessarily be to describe in detail the confidential information previously disclosed and now sought to be preserved"). Disclosure of the confidential information would undermine the "very purpose of the substantial relationship test" - to "avoid the need for a former client to reveal confidential information in order to disqualify a former attorney." *Decora Inc.*, 901 F. Supp. at 163 (citing *T.C. Theatre Corp. v. Warner Bros. Pictures, Inc.*, 113 F. Supp. 265, 268-69 (S.D.N.Y. 1953) (Weinfeld, J.). Accordingly, the confidential information in Tabs 1 through 13 should remain under seal.

\* \* \*

As shown above, Utica Mutual has made a good faith effort to identify for redaction information that is privileged or confidential and sensitive, including information concerning ongoing litigation and other disputes unrelated to Utica Mutual's arbitration with R&Q and the disqualification motion. R&Q Re has no objection to maintaining under seal any of the materials identified by Utica Mutual. Accordingly, Utica Mutual respectfully requests that the redacted material remain under seal and not be made available publicly. If the Court is not inclined to accept the proposed redactions, or has any questions about them, Utica Mutual requests an opportunity to be heard.

Respectfully submitted,

*Walter Andrews/ea*

Walter J. Andrews

Enclosures

cc: John F. Finnegan (*via* email and First Class U.S. Mail)
William Perry (*via* email and First Class U.S. Mail)