UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
 :
UTICA MUTUAL INSURANCE COMPANY :
 :  **ORDER REGULATING**
　　　　　　　　　Petitioner, :  **DISCOVERY**
 :
 :
　-against- :  10 Civ. 2669 (AKH)
 :
 :
INA REINSURANCE COMPANY, N/K/A R&Q :
REINSURANCE COMPANY, :
 :
　　　　　　　　　Respondent. :
 :
 :
 :
 :
 :
 :
 :
 :
------------------------------------------------------------------ x
ALVIN K. HELLERSTEIN, U.S.D.J.:

　　　　　On August 18, 2010, I held a hearing to resolve Utica Mutual's motion to disqualify R&Q's lawyers. I made several rulings at the hearing, and the parties now dispute the proper way to implement certain ones. Consistent with my Individual Rule 2E, they present their respective positions by their joint letter, filed on August 31, 2010. My rulings follow.

1. At the August 18 hearing, I denied Utica Mutual's motion to disqualify R&Q's attorneys and also ruled that withdrawal by R&Q of items 45 and 50 of its discovery requests would be a sufficient prophylaxis against any improper exposure of information to R&Q's attorneys. Those were the discovery requests identified by Utica Mutual as suggestive of an inference of exposure to client-originated information. R&Q withdrew the two items, maintaining all the while that they were drawn without input of any kind

from attorney Samantha B. Miller.

2. Utica Mutual now identifies additional discovery requests by R&Q that inquire into Utica Mutual's insurance activities and positions with certain other Utica Mutual clients and asks that R&Q be forbidden to inquire along these lines.  Utica Mutual claims to distrust R&Q's representation and promise by its attorneys, Chadbourne and Parke LLP, that its part-time associate, Samantha Miller, has been and will continue to be isolated from any contact with any aspect of the case or the client.

3. I overrule Utica Mutual's objections.  This case is in arbitration, and issues of relevance and scope of discovery have to be resolved by the arbitrators, who have a much keener sense of the scope of discovery to be pursued and allowed.  My jurisdiction is limited to resolving the issue of disqualification.  Though I see little relevance between Utica Mutual's conduct or practices in relation to any policyholder other than R&Q, and believe that the issues of this controversy have turn on interpretation of the governing insurance contracts between Utica Mutual and R&Q, it is the abritrators who must rule on these issues, not me.

4. I have exercised my jurisdiction, which was to resolve the issue of disqualification.  I denied Utica Mutual's motion and added a measure of phophylaxis with regard to items that appeared to be of little relevance.  Moreover, I gave the parties an opportunity to fashion an appropriate order regarding the isolation of Ms. Miller.  Rather than submit a proposed order, the parties have generated a new dispute, which I decline to entertain

because it extends beyond the issue I decided.

5. The parties are given one more opportunity to develop an agreed-upon order regarding the isolation of Ms. Miller from any aspect of this case. The order should adopt or reasonably add to the protections already in effect, but should be sensitive to Ms. Miller's right to remain productive in her employment. If I do not receive a suitable order, or a jointly prepared set of alternative provisions, by 4:00 p.m. September 14, 2010 (without prejudice to either party's positions), I will issue my own order.

SO ORDERED.

Dated:  September 7, 2010
        New York, New York

_____
ALVIN K. HELLERSTEIN
United States District Judge