USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9/13/10

# HUNTON&
# WILLIAMS

HUNTON & WILLIAMS LLP
1751 PINNACLE DRIVE
SUITE 1700
MCLEAN, VIRGINIA 22102

TEL      703 • 714 • 7400
FAX      703 • 918 • 4020

WALTER J. ANDREWS
DIRECT DIAL: 703-714-7642
EMAIL: wandrews@hunton.com

September 9, 2010

**By Hand**
The Honorable Alvin K. Hellerstein
United States District Court Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

RE:     *Utica Mut. Ins. Co. v. R&Q Reins. Co.*, No.: 10 cv 2669 (AKH) (FM)

Dear Judge Hellerstein:

We represent Utica Mutual in the above matter and are writing in response to Your Honor's
Order titled Order Regulating Discovery. We provided a copy of this letter in draft to
Chadbourne & Parke LLP, counsel for R&Q Re, and their position is set forth at the end of the
letter.

The Order provides that "withdrawal by R&Q of items 45 and 50 of its discovery requests"
regarding an "expense" issue "would be a sufficient prophylaxis against any improper exposure
of information to R&Q's attorneys" and also states that "[t]hose were the discovery requests
identified by Utica Mutual as suggestive of an inference of exposure to client-originated
information." To protect all "client-originated information" that Samantha Miller was exposed
to, R&Q should also not be allowed to pursue discovery as to other matters in which Ms. Miller
was involved. Otherwise, R&Q could have access to the very confidential information from
matters on which Ms. Miller worked, which was the whole basis for the disqualification motion.

Utica Mutual's motion was not limited to items 45 and 50. In fact, per the Court's request, Utica
Mutual submitted documents for *in camera* review demonstrating that Ms. Miller had obtained
client-originated information about the "aggregate" issue that R&Q is pursing in discovery. The
"aggregate" issue is not related to items 45 and 50. Moreover, in response to R&Q's counsel
stating at the August 18 hearing that Ms. Miller only worked on the "expense" issue, Your Honor
acknowledged that Ms. Miller "worked on some other insurance matters, and there could be
some relationship." Tr., pg. 28. Recognizing that "[i]t's hard, once you have any kind of a
breach of confidentiality, to stop the flow of information or use of information," R&Q should not
"go after that information" as a "good prophylaxis." *Id.* The prophylaxis measure proposed at
the hearing was not limited to items 45 and 50. It should not be so limited now.

ATLANTA  AUSTIN  BANGKOK  BEIJING  BRUSSELS  CHARLOTTE  DALLAS  HOUSTON  LONDON  LOS ANGELES
McLEAN  MIAMI  NEW YORK  NORFOLK  RALEIGH  RICHMOND  SAN FRANCISCO  WASHINGTON
www.hunton.com



Judge Alvin K. Hellerstein
September 9, 2010
Page 2

Furthermore, before being given an opportunity to submit material *in camera*, Utica Mutual could not have disclosed the "aggregate" information that Ms. Miller was exposed to without also having to share that information with R&Q. That is why Utica Mutual provided the "aggregate" information *in camera* only. Consistent with Utica Mutual's concerns about maintaining the confidentiality of the "aggregate" information, Your Honor has ruled that those documents can remain under seal. To ensure that R&Q does not gain access to information about the "aggregate" issue that Ms. Miller was exposed to, R&Q should forego discovery about the "aggregate" issue to the extent that Ms. Miller was involved in those matters.

Finally, Utica Mutual is not requesting a ruling on issues of relevance or the scope of discovery which would be resolved by the arbitrators. Rather, as a part of the prophylaxis measure, Utica Mutual is attempting to avoid being prejudiced by the use of confidential information that Ms. Miller was exposed to, and that information is not limited to items 45 and 50. Accordingly, R&Q should be required to forego discovery efforts related to, and the use of, any information about other policyholders with which Ms. Miller was involved. To the extent that the arbitrators rule that the other policyholder discovery is appropriate, R&Q would be entitled to all such discovery, except for the few matters involving Ms. Miller.

If the Court has any questions about Utica Mutual's position, Utica Mutual respectfully requests leave to file an *in camera* submission further demonstrating why it is critical that the proposed prophylaxis include discovery about the "aggregate" issue. Utica Mutual also respectfully requests a hearing on these issues in addition, or as an alterative, to the *in camera* submission.[1]

*     *     *

We provided a copy of this letter in draft to Chadbourne & Parke LLP, counsel for R&Q Re, which asked us to include the following passage:

> R&Q Re understands Mr. Andrews' letter to request leave to reargue a ruling
> included in Your Honor's September 7, 2010 order. R&Q Re does not believe
> that reargument is appropriate or that Utica Mutual has made the showing

---

[1] Pursuant to the Court's Order, and separate from the issues above, Utica Mutual is conferring with R&Q to "develop an agreed-upon order regarding the isolation of Ms. Miller from any aspect of this case." Utica Mutual has no desire to prevent Ms. Miller from "remain[ing] productive in her employment" and will further make that clear to R&Q and the Court in the submission requested by the Court.



Judge Alvin K. Hellerstein
September 9, 2010
Page 3

necessary to obtain leave to reargue.   R&Q Re therefore will not comment on the merits unless the Court grants Utica Mutual leave and invites further submissions from the parties.

Respectfully submitted,

Walter Andrews

Walter J. Andrews

cc:     John F. Finnegan (via email and First Class U.S. Mail)
        William Perry (via email and First Class U.S. Mail)

Judge wrote:

"This is the equivalent of a motion for reconsideration.  Since I considered all the arguments set out by Utica Mutual, I deny the motion.

9-13-10
Alvin K. Hellerstein"