# HUNTON&
# WILLIAMS

HUNTON & WILLIAMS LLP
1751 PINNACLE DRIVE
SUITE 1700
MCLEAN, VIRGINIA 22102

TEL    703 • 714 • 7400
FAX    703 • 918 • 4020

WALTER J. ANDREWS
DIRECT DIAL: 703-714-7642
EMAIL: wandrews@hunton.com

October 1, 2010



*[Handwritten note by Judge: On reconsideration, sealing as requested by Utica Mutual is not in a complete public interest is not to create unnecessary issues for the court, already overburdened. 10.27.10 /s/ Alvin K. Hellerstein]*

**VIA HAND DELIVERY**
The Honorable Alvin K. Hellerstein
United States District Court Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

RE:    *Utica Mut. Ins. Co. v. R&Q Reins. Co.*, No.: 10 cv 2669 (AKH) (FM)

Dear Judge Hellerstein:

We are counsel for Utica Mutual in the captioned matter. We are writing regarding the Court's September 23, 2010, Order.

**Utica Mutual's Request for Stay**

The September 23 Order was entered in response to Utica Mutual's September 22, letter. In that letter, Utica Mutual sought a stay of the Court's rulings unsealing certain parts of the record. Utica Mutual did not seek reconsideration of those rulings. R&Q understood that Utica Mutual sought a stay only and stated that it was not taking a position as to the "request for a stay."

Notwithstanding the above, the Court treated the letter as requesting reconsideration. To avoid any confusion, Utica Mutual renews its request that the Court's rulings unsealing parts of the record be stayed. As referenced in the September 22, letter, Utica Mutual intends to appeal the Court's rulings on the sealing issue to the United States Court of Appeals for the Second Circuit. Accordingly, Utica Mutual requests a stay until the appeal is resolved to avoid the irreparable harm that would occur if the rulings are not stayed. *See Sec. & Exch. Com'n v. Thestreet.com*, 273 F.3d 222, 227-28 (2d Cir. 2001) (referencing the district court "order[ing] the Confidential Testimony unsealed" but "stay[ing] its order to afford the NYSE an opportunity to appeal"); *Murphy v. Rochester City Sch. Dist.*, No. 00-CV-6038L, 2002 WL 31322639, *5 (W.D.N.Y. Sept. 30, 2002) ("Because a document cannot, in practical terms, be 're-sealed' once it is unsealed and open for public inspection, I will stay this Order for a period of 30 days to allow either party the opportunity to appeal this Order").

ATLANTA AUSTIN BANGKOK BEIJING BRUSSELS CHARLOTTE DALLAS HOUSTON LONDON LOS ANGELES
McLEAN MIAMI NEW YORK NORFOLK RALEIGH RICHMOND SAN FRANCISCO WASHINGTON
www.hunton.com



Judge Alvin K. Hellerstein
October 1, 2010
Page 2

### Additional Information Requested by Court About Privileged Documents

Furthermore, the September 23, Order asked Utica Mutual to provide additional information about documents that Utica Mutual contends are privileged and should not be unsealed. As a result, Utica Mutual is submitting the enclosed privilege log, which describes the documents that contains privileged information and includes the basis for Utica Mutual's privilege claim.[1]

The September 23, Order also asked Utica Mutual to address why any privilege claim was not waived by bringing the disqualification motion. Utica Mutual understands this inquiry to relate to whether the disclosure of the privileged information to R&Q could result in a waiver. As described below, there is no waiver because the disclosure to R&Q was based on the well-established common interest protection - also referred to as the joint defense privilege - under which cedents routinely disclose information to reinsurers regarding the underlying claims for which the cedents seek reinsurance.

Although Utica Mutual and R&Q disagree as to R&Q's obligations under its reinsurance agreements, both parties have a common interest with respect to the underlying coverage dispute involving the Goulds Pumps policies because it is in both parties' interest to reduce the exposure of the underlying claims for which the reinsurance recovery is sought. The information described in the enclosed privilege log relates to the underlying coverage dispute and is privileged as to the parties who are adverse to Utica Mutual in that dispute. The case law makes clear that a cedent can disclose this kind of privileged information to a reinsurer based on the common interest doctrine while still disputing the claims for reinsurance. *See, e.g., Durham Indus., Inc. v. North River Ins. Co.*, No. 79 CV 1705 (RWS), 1980 WL 112701, *2-3 (S.D.N.Y. Nov. 21, 1980) (holding that common interest protection applied given cedent's relationship with reinsurer); *Hartford Steam Boiler Inspection and Ins. Co. v. Stauffer Chemical Co.*, Nos. 701223, 701224, 1991 WL 230742, *2 (Conn. Super. Ct. Nov. 4, 1991) (no waiver of privilege due to common interest protection applicable to cedent's relationship with reinsurer). Accordingly, the privileged information regarding the underlying claims remains privileged with regard to other parties even though it has been disclosed to R&Q. Accordingly, all such information should remain sealed.

\*   \*   \*

---

[1] The documents listed on the enclosed privilege log have been provided to the Court with the parties' prior submissions. If needed, Utica Mutual can submit the identified documents again.



Judge Alvin K. Hellerstein
October 1, 2010
Page 3

Utica Mutual provided a copy of this letter, in draft form, to R&Q. R&Q has advised that, "now, as before, R&Q takes no position on Utica Mutual's request for a stay."

Sincerely,

*Walter Andrews*

Walter J. Andrews

Enclosure

cc: John Finnegan (*via* email)
William Perry (*via* email)

Judge wrote:

"On reconsideration, I order sealing as requested by Utica Mutual. Although there is a strong public interest in a completely open record, the interest is not so strong as to create unnecessary issues for an already overburdened Court.

10-27-10
Alvin K. Hellerstein"