

**HUNTON & WILLIAMS**

HUNTON & WILLIAMS LLP
1751 PINNACLE DRIVE
SUITE 1700
MCLEAN, VIRGINIA 22102

TEL    703 • 714 • 7400
FAX   703 • 918 • 4020

WALTER J. ANDREWS
DIRECT DIAL: 703-714-7642
EMAIL: wandrews@hunton.com

December 15, 2010



**VIA FACSIMILE**
The Honorable Alvin K. Hellerstein
United States District Court Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

RE:   *Utica Mut. Ins. Co. v. R&Q Reins. Co.*, No.: 10 cv 2669 (AKH) (FM)

Dear Judge Hellerstein:

We are counsel for Utica Mutual Insurance Company in the captioned matter. We are writing to respectfully request that the rulings unsealing parts of the record be stayed until Utica Mutual's pending appeal related to those rulings is resolved. Utica Mutual is not seeking reconsideration of those rulings. As noted below, Utica Mutual's request for a stay is unopposed.

As way of background, when this action was removed by R&Q Reinsurance Company, Judge Kaplan had issued an Order providing that "[p]apers heretofore filed in the state court proceeding, to the extent they have been and hereafter may be filed in this Court, shall be sealed" and also that confidential "Arbitration Information hereafter filed in this Court shall be filed under seal." Your Honor's August 20, 2010, Order provided that "the case and all filings are unsealed but the unsealing is stayed pending my decision on the parties' joint application for redaction of particular items...." In response to the parties' joint application, Your Honor ruled on September 7 that only Utica Mutual's *in camera* submission may remain under seal. In its September 22, letter, Utica Mutual requested a stay of the Court's rulings unsealing the record, pending its appeal. (R&Q did not oppose the request.) Your Honor considered Utica Mutual's letter as seeking reconsideration of the earlier rulings, not a request for a stay, and, on September 23, denied Utica Mutual's request. In that ruling, Your Honor asked Utica Mutual to submit additional information about certain documents that Utica Mutual contended were privileged and should remain under seal, regardless of whether the rest of the record was sealed. On October 1, 2010, Utica Mutual provided the information about the privileged documents. Utica Mutual reiterated its request for a stay of the unsealing of the entire record, explaining that Utica Mutual intended to appeal the Court's rulings in that regard, as Utica Mutual did subsequently. (R&Q did not oppose Utica Mutual's requests in its October 1, submission.) On October 27, Your Honor ordered "sealing as requested by Utica Mutual." Last week, in response

ATLANTA AUSTIN BANGKOK BEIJING BRUSSELS CHARLOTTE DALLAS HOUSTON LONDON LOS ANGELES
McLEAN MIAMI NEW YORK NORFOLK RALEIGH RICHMOND SAN FRANCISCO WASHINGTON
www.hunton.com

# HUNTON & WILLIAMS

Judge Alvin K. Hellerstein
December 15, 2010
Page 2

to Utica Mutual's request seeking clarification of that ruling, Your Honor ruled that the October 27, ruling sealed only the information that Utica Mutual had identified as privileged in its October 1, submission. Therefore, the remaining parts of the record are currently unsealed.

Utica Mutual respectfully requests that the rulings unsealing parts of the record be stayed until Utica Mutual's appeal as to those rulings is resolved. The parties' submissions in connection with the Motion to Disqualify refer to confidential, sensitive information from the underlying arbitration between Utica Mutual and R&Q, which remains pending. The arbitration-related information is confidential based on the agreement between Utica Mutual and R&Q and an Order from the Arbitration Panel. Moreover, the arbitration deals with issues that were a part of Utica Mutual's dispute with Goulds Pumps, Inc. and are still being litigated between Utica Mutual and Goulds Pumps' other insurers in litigation in California state court. If the information remains publicly available, Utica Mutual may be irreparably harmed because Goulds Pumps' other insurers would have access to information that would not be produced otherwise, including some of the very information that the California court has ordered should not be produced by Utica Mutual. Accordingly, Utica Mutual respectfully requests a stay of the rulings unsealing parts of the record until Utica Mutual's appeal is resolved. *See Sec. & Exch. Com'n v. Thestreet.com*, 273 F.3d 222, 227-28 (2d Cir. 2001) (referencing the district court "order[ing] the Confidential Testimony unsealed" but "stay[ing] its order to afford the NYSE an opportunity to appeal"); *Murphy v. Rochester City Sch. Dist.*, No. 00-CV-6038L, 2002 WL 31322639, *5 (W.D.N.Y. Sept. 30, 2002) ("Because a document cannot, in practical terms, be 're-sealed' once it is unsealed and open for public inspection. I will stay this Order for a period of 30 days to allow either party the opportunity to appeal this Order"). If Utica Mutual's request is denied, Utica Mutual will need to seek a stay from the United States Court of Appeals for the Second Circuit.

We are prepared to provide any additional information that the Court may need pertaining to Utica Mutual's request.

\* \* \*

We provided a draft of our letter to R&Q for comment. R&Q advised us that, without taking any position with respect to the accuracy of Utica's factual recitation, R&Q does not oppose the Court granting the stay requested by Utica Mutual.

Sincerely,

Walter J. Andrews

cc: John Finnegan (*via* email)
William Perry (*via* email)