**MANDATE**

10-4164-cv
App. of Utica Mutual v. INA Reinsurance

N.Y.S.D. Case #
10-cv-2669(AKH)

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

```
 1      At a stated term of the United States Court of Appeals
 2 for the Second Circuit, held at the Daniel Patrick Moynihan
 3 United States Courthouse, 500 Pearl Street, in the City of
 4 New York, on the 15th day of March, two thousand twelve.
 5
 6 PRESENT: JOSEPH M. McLAUGHLIN,
 7          BARRINGTON D. PARKER,
 8          RICHARD C. WESLEY,
 9                  Circuit Judges.
10 _____
11
12 APPLICATION OF UTICA MUTUAL INSURANCE COMPANY, FOR AN ORDER
13 PURSUANT TO C.P.L.R. 7503(b) STAYING ARBITRATION OF A
14 CERTAIN CONTROVERSY AND DISQUALIFYING CHADBOURNE & PARKE LLP
15 FROM REPRESENTING INA REINSURANCE COMPANY N/K/A R&Q
16 REINSURANCE COMPANY IN THE ARBITRATION,
17
18                  Petitioner-Appellant,
19
20      v.                                       10-4164-cv
21
22 INA REINSURANCE COMPANY N/K/A R&Q REINSURANCE COMPANY,
23
24                  Respondent-Appellee,
25
26 and
27
28 CHADBOURNE & PARKE LLP,
29
30                  Respondent.
31
32 _____
33
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: May 09, 2012

MANDATE ISSUED ON 05/09/2012

```
FOR APPELLANT:        ROBERT MORROW, Hunton & Williams LLP, New
                      York, NY (Walter J. Andrews, Syed S.
                      Ahmad, Hunton & Williams LLP, McLean, VA,
                      on the brief)

FOR APPELLEE:         JOHN F. FINNEGAN, Chadbourne & Parke
                      LLP, New York, NY (Philip Goodman, Kate
                      McSweeny, Chadbourne & Parke LLP,
                      Washington, DC, on the brief)
```

Appeal from the United States District Court for the Southern District of New York (Hellerstein, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the United States District Court for the Southern District of New York is **AFFIRMED.**

Appellant Utica Mutual Insurance Company ("Utica") appeals from a judgment of the United States District Court for the Southern District of New York (Hellerstein, *J.*), denying Utica's motion to disqualify Chadbourne & Parke LLP ("Chadbourne") as counsel for Appellee INA Reinsurance Company ("R&Q") in an arbitration dispute between Utica and R&Q. Utica also challenges the district court's discovery prophylaxis, and it's unsealing of certain confidential, non-privileged information underlying Utica's motion to disqualify Chadbourne. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

1    The denial of a motion to disqualify counsel is
2    reviewable only for abuse of discretion.  *Bobal v.*
3    *Rensselaer Polytechnic Inst.*, 916 F.2d 759, 764 (2d Cir.
4    1990).  In light of the limited facts and issues presented
5    for our review, we find that the district court did not
6    abuse its discretion in denying Utica's motion to disqualify
7    Chadbourne.  In coming to this conclusion, we emphasize that
8    we take no position as to whether the district court should
9    have applied New York State law considering that this
10   proceeding was removed from New York State court and
11   addresses only whether disqualification is appropriate.  We
12   also take no position as to whether an ethical wall can be
13   sufficient to rebut the presumption of disqualification of a
14   law firm where the conflicted attorney possesses material
15   information about a former client.  *See, e.g.*, *Kassis v.*
16   *Teacher's Ins. & Annuity Ass'n.*, 93 N.Y.2d 611, 616-17
17   (1999).  Utica did not raise these issues below or on
18   appeal, and we decline to consider them now in the first
19   instance.
20       Next, we reject Utica's assertion that the district
21   court's discovery prophylaxis was "incomplete."  The
22   district court's discovery prophylaxis was irrelevant to the

3

1   disqualification motion and was voluntarily accepted by R&Q.
2   Utica has no basis to challenge it on appeal.
3       Finally, the district court did not abuse its
4   discretion in unsealing the record.  To determine whether
5   documents should be placed under seal, a court must balance
6   the public's interest in access to judicial documents
7   against the privacy interests of those resisting disclosure.
8   *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d
9   Cir. 2006).  The decision to seal the record "is one best
10  left to the sound discretion of the trial court, a
11  discretion to be exercised in light of the relevant facts
12  and circumstances of the particular case." *Nixon v. Warner
13  Comm., Inc.*, 435 U.S. 589, 599 (1978).  Here, the district
14  court concluded that Utica's *in camera* and privileged
15  submissions will remain under seal.  The district court did
16  not abuse its discretion in determining that the public's
17  interest in access to other non-privileged documents
18  outweighed Utica's privacy interests in keeping those
19  documents sealed.
20      We have considered Utica's remaining arguments and,
21  after a thorough review of the record, find them to be
22  without merit.

4

For the foregoing reasons, the judgment of the district court should be **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

5